FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2016 OCT 20 PM 3:16

CASE NO.: 6:16-CV-1828-ORL-31GJK

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

FAUSTO CHACON,

    Plaintiff,

vs.

JF & MB HOME IMPROVEMENT &
LANDSCAPING INC.,
a Florida Profit Corporation,
and JORGE A. MATUTE, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiffs, FAUSTO CHACON, ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendants, JF & MB HOME IMPOVEMENT & LANDCAPING, INC. and JORGE A. MATUTE ("Defendant(s)"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, and unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to the 29 U.S.C. § 216.

3. Plaintiff is at all times relevant to this action, and continue to be a resident of Orange County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, JF & MB HOME IMPROVEMENT & LANDSCAPING, INC. and JORGE A. MATUTE, is a Florida Profit Corporation having its main place of business in Orange

County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

5. Defendant, JORGE A. MATUTE, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, JF & MB HOME IMPROVEMENT & LANDSCAPING, INC.

6. Venue is proper in Orange County because all of the actions that form the basis of this Complaint occurred within Orange County and payment was due in Orange County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendants as non-exempt employee from on or about July 2014 to on or about November 2014.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

12. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

13. Additionally, throughout Plaintiff's employment, he was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

14. Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected and the Defendants failure to properly pay overtime wages.

15. On or about November 2014, Defendants terminated Plaintiff in retaliation for engaging the protected activity described above.

## COUNT I
### *Breach of Agreement Against JF & MB HOME IMPROVEMENT & LANDSCAPING, INC.*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. Defendants breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

18. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit Against JF & MB HOME IMPROVEMENT & LANDSCAPING, INC.*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

20. Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendants.

21. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

22. Defendants accepted Plaintiffs' services to Defendants.

23. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

24. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided to Defendants, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT III
*Unjust Enrichment Against JF & MB HOME IMPROVEMENT & LANDSCAPING, INC.*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

26. Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

27. Defendants have knowledge of the services performed and provided by Plaintiff.

28. Defendants voluntarily accepted the services performed and provided by Plaintiff..

29. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

30. Plaintiff has no other adequate remedy at law.

31. Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### Wage & Hour Federal Statutory Violation Against JF & MB HOME IMPROVEMENT & LANDSCAPING, INC.

32. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

33. This action is brought by Plaintiff to recover from Defendants unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

34. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

35. At all times pertinent to this Complaint, Defendants operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

36. Upon information and belief, the annual gross revenue of the Defendants were at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

37. By reason of the foregoing, the Defendants will be and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendants likewise affects interstate commerce.

38. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

39. At all times material hereto, the Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

40. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiffs' employment with Defendants as set forth above. As such, Plaintiff is entitled to recover double damages.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.


**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants had violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
*Wage & Hour Federal Statutory Violation Against JORGE A. MATUTE*

42. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

43. At the times mentioned, Defendants were, and are now, a corporate officer of corporate Defendants, JF & MB HOME IMPROVEMENT & LANDSCAPING, INC.

44. Defendants were an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendants acted directly in the interests of Defendants employer in relation to the employees of Defendants employer, including Plaintiff.

45. Defendants had operational control of the business and are thus jointly liable for Plaintiffs' damages.

46. Defendants willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
*FLSA Retaliation Violation Against JF & MB HOME IMPROVEMENT & LANDSCAPING, INC.*

47. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

48. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this

Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

49. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

50. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

51. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendants for all front wages until Plaintiff become 65 years of age; and

D. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: September 28th, 2016

Respectfully submitted,

/s/ Peter M. Hoogerwoerd
**Peter M. Hoogerwoerd, Esq.**
Florida Bar No.: 188239
pmh@rgpattorneys.com

Waynice A. Green, Esq.
Florida Bar No.: 116175
wgreen@rpgattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005