UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FAUSTO CHACON,**

        **Plaintiff,**

**-vs-**                                  **Case No. 6:16-cv-1828-Orl-41GJK**

**JF & MB HOME IMPROVEMENT &
LANDSCAPING, INC. and JORGE A.
MATUTE,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO REMOVE NAMED DEFENDANT** (Doc. No. 25) |
| **FILED:** | **February 23, 2017** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

On October 20, 2016, Plaintiff filed a complaint against Defendants JF & MB Home Improvement & Landscaping Inc., and Jorge A. Matute asserting violations of the Fair Labor Standards Act ("FLSA"), among other things. Doc. No. 1. On November 17, 2016, a "Response to Complaint" (the "Response") was filed. Doc. No. 12. The Response was signed twice by Jorge A. Matute, once on a line above his name, and once on a line above "JF & MB Home Improvement & Landscaping, Inc." *Id.* at 8. On February 13, 2017, the Court denied

Plaintiff's motion to strike the Response and stated that the Response would be considered as filed on behalf of Matute, who is appearing pro se. Doc. No. 24 at 2.

On February 23, 2017, Matute filed a "Motion to Remove Named Defendant" (the "Motion"). Doc. No. 25. In the Motion, Matute asks that he be dismissed from this action because he is "merely an employee" of JF & MB Home Improvement, he does not owe any fiduciary responsibility to JF & MB Home Improvement, and he does not have any stock or ownership in the company. *Id.* Plaintiff's sole argument opposing the Motion is that it was filed after the Response was filed, and thus it "cannot be treated as a Rule 12(b) motion[]." Doc. No. 33 at 1.

If the defendant's answer includes the defense of failure to state a claim, then a subsequently filed "Rule 12(b)(6) motion to dismiss for failure to state a claim is a nullity . . . But the court may construe the Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)." *Whitehurst v. Wal-Mart Stores E., L.P.*, 329 F. App'x 206, 208 (11th Cir. 2008);[1] *Caldwell v. Compass Entm't Grp. LLC*, No. 6:14-cv-1701-ORL-41TBS, 2015 WL 12820412, at *2 (M.D. Fla. Feb. 23, 2015) ("[A] post-answer motion for failure to state a claim is construed as a motion for judgment on the pleadings pursuant to Rule 12(c).").

In the Response, Matute asserts that he is only an employee of JF & MB Home Improvement and had no operational control over its activities. Doc. No. 12 at ¶ 5. Because this is the basis for his argument in the Motion, the undersigned finds that it is appropriate to treat the Motion as one for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[2]

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[2] Matute did not file any documents supporting the Motion, such as affidavits.

It is appropriate to grant judgment on the pleadings "when there are no material facts in dispute, and the moving party is entitled to judgment as a matter of law." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). The Court's gaze is limited to the "substance of the pleadings and any judicially noticed facts." *Hawthorne v. MAC Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). The Court must accept the "facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010). In this respect, the standard governing a motion for judgment on the pleadings is the same as a motion to dismiss. *Medicomp, Inc. v. United Healthcare Ins. Co.*, 562 F. App'x 754, 756 (11th Cir. 2014).

In the Complaint, Plaintiff alleges that Matute "is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, JF & MB HOME IMPROVEMENT & LANDSCAPING, INC." Doc. No. 1 at ¶ 5. "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). Because Plaintiff alleged that Matute is a corporate officer of JF & MB Home Improvement with operational control over its activities, he alleged that Matute is jointly and severally liable under the FLSA. Additionally, Matute's denial of this allegation demonstrates a disputed material fact under the pleadings, precluding granting the Motion.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 25) be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection.

**RECOMMENDED** in Orlando, Florida, on May 23, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented Parties