UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FAUSTO CHACON,**

    **Plaintiff,**

**v.**              **Case No: 6:16-cv-1828-Orl-41GJK**

**JF & MB HOME IMPROVEMENT &
LANDSCAPING INC. and JORGE A.
MATUTE,**

    **Defendants.**
_____/

### ORDER

    THIS CAUSE is before the Court on Defendant's Motion to Remove Named Defendant
("Motion," Doc. 25). United States Magistrate Judge Gregory J. Kelly submitted a Report and
Recommendation ("R&R," Doc. 37), recommending that the Court deny the Motion. In the R&R,
Judge Kelly determined that because the Motion was essentially a motion to dismiss that
Defendant Matute filed after he had already filed an answer, the Motion should be treated as a
motion for judgment on the pleadings. (*Id.* at 2). Judge Kelly then applied the legal standard for a
motion for judgment on the pleadings—namely, that judgment may only be granted when there
are no material facts in dispute, and the moving party is entitled to judgment as a matter of law;
that the court may only consider the substance of the pleadings and any judicially noticed facts;
and that the court must accept the facts alleged in the complaint as true and view them in the light
most favorable to the nonmoving party. (*Id.* at 3). He concluded that by asserting that Matute was
a corporate officer with operational control over Defendant JF & MB Home Improvement &
Landscaping, Inc. ("JF"), Plaintiff had sufficiently alleged that Matute may be held jointly and
severally liable under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.* (*Id.* at 3

(quoting *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.")). Finally, Judge Kelly determined that Matute's denial that he had operational control over JF created a dispute of material fact, precluding the Court from granting a motion for judgment on the pleadings. (*Id.*).

Matute subsequently filed an Objection (Doc. 42) to the R&R. In his Objection, Matute argues that his Motion is due to be granted because (1) Plaintiff has failed to provide evidence demonstrating that Matute has any operational control over JF, (2) Matute has submitted evidence showing that he does not earn enough money to be held liable pursuant to the FLSA, (3) "[a]ll claims made by the Plaintiff's attorney in this case are null and void and do not hold any weight," and (4) Matute has resubmitted all of the evidence that he previously filed with this Court to establish that he was wrongly named as a Defendant. (*Id.* at 1–2). After a *de novo* review of the record, the Court agrees entirely with the R&R.

Three out of four of Matute's arguments focus on the evidence before this Court—that is, Plaintiff's failure to submit evidence that Matute has operational control over JF and Matute's submission of evidence establishing the contrary. Matute's only other argument is his conclusory averment that "[a]ll claims made by the Plaintiff's attorney in this case are null and void and do not hold any weight." (*Id.* at 1). All of these arguments fail for the same reason: the legal standard the Court must apply when ruling on a motion for judgment on the pleadings.[1] As Judge Kelly noted, a post-answer motion for failure to state a claim is construed as a motion for judgment on

---

[1] Matute did not challenge the decision to construe the Motion as a motion for judgment on the pleadings or the applicable legal standard for such a motion.

the pleadings. (Doc. 37 at 2). The standard for addressing a motion for judgment on the pleadings requires that the Court only consider the substance of the pleadings and any judicially noticed facts and also requires that the Court accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. Thus, the evidence is irrelevant for purposes of deciding a motion for judgment on the pleadings; Matute's arguments concerning the evidence are inapposite. Similarly, because when deciding a motion for judgment on the pleadings the Court must accept the facts as alleged by Plaintiff, the Court rejects Matute's conclusory contention that Plaintiff's claims are without merit.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 37) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Defendant Matute's Motion to Remove Named Defendant (Doc. 25) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2017.


CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE



Copies furnished to:

Counsel of Record
Unrepresented Party